UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Weaver Leather, LLC )<br>)<br>       Plaintiff, )<br>)<br>vs. )<br>)<br>Climbing Innovations, LLC )<br>)<br>       and )<br>)<br>Richard Mumford )<br>)<br>       Defendants. ) | Case No. 5:19cv1990- JRA<br><br>Judge John R. Adams |

## **DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS**

Defendants Climbing Innovations, LLC and Richard Mumford ("Defendants") respond to the Complaint as follows:

Defendants respond to the individually numbered paragraphs of the Complaint as follow:

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2. Defendants admit that the 190 patent relates to a knee ascender for climbing rope. Defendants deny that the patent claims as interpreted by Weaver reflect an innovative product. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 of the Complaint.

3. Denied.

4. Defendants deny that Weaver is entitled to any injunctive relief or monetary relief, and deny the remaining allegations in paragraph 4 of the Complaint.

### **Parties**

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendants admit that Mr. Mumford frequently posts on the treebuzz forum using the name yoyoman and on YouTube using the name Richard Mumford. Defendants admit that some of Mr. Mumford's posts are as a respresentative of Climbing Innovations. The remainder of the allegations in paragraph 10 of the Complaint are too vague and ambiguous to permit Defendants to have knowledge or information sufficient to form a belief about their truth.

## Jurisdiction and Venue

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendants admit that this Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15. Defendants do not dispute personal jurisdiction for purposes of this action in the Northern District of Ohio. Defendants, however, deny the allegations in pargraph 15 of the Complaint.

16. Denied.

## Allegedly Relevant Facts

### I. Weaver's Alleged Innovations and 190 Patent

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18. Defendants admit that Ex. A appears to be a copy of the 190 patent, and that paragraph 18 fairly recites the names of the inventors and the title of the patent appearing in Exhibit A. Defendants deny that the 190 patent was duly and legally issued. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of the Complaint.

19. Defendants deny that the 190 patent is "valid and enforceable." Defendants admit that paragraph 19 quotes, but only partially, ███████████████████████████ ██████████ Defendants admit the Agreement and papers related to the Agreement are attached as Exhibit B to the Complaint. ███████████████████████████████████ ███████████████████████████████████. Defendants deny any remaining allegations in paragraph 19 of the Complaint.

20. Defendants admit that paragraph 20 quotes, but only partially, ██████████ ██████████ ███████████████████████████████████████████████████████ ████████████████████Defendants deny any remaining allegations in paragraph 20 of the Complaint.

21. Admitted.

## II.     Defendants' Deny Mumford's Alleged Infringement

22. Denied.

23. Defendants admit that Weaver filed the referenced lawsuit. Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24. Defendants admit that the Parties resolved the First Lawsuit by settling and executing the Agreement, that the Agreement was properly executed, that the Agreement is valid, that

███████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████

25. Admitted.

26. Denied.

### III. Defendants Deny That Mumford Infringed or That Mumford Continues to Infringe

27. Admitted.

28. Admitted.

29. Admitted.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 30 of the Complaint. Defendants admit that they may have used the word "version" to refer to different SAKA branded products. Defendants admit the remaining allegations in paragraph 30 of the Complaint.

31. Defendants deny that the allegations in paragraph 31 of the Complaint fairly quote or fairly characterize Sections 1 and 2 of the Agreement. Any remaining allegations in paragraph 31 are denied.

32. Denied.

### IV. Defendants Deny that Mumford Has Disparaged Weaver

33. Denied. ███████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████ Any remaining allegations in paragraph 33 are denied.

34. Denied. Defendants deny that Defendants have made any disparaging statements or representations.

35. The allegations in paragraph 35 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

36. The allegations in paragraph 36 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

37. The allegations in paragraph 37 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

38. The allegations in paragraph 38 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

39. The allegations in paragraph 39 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

40. The allegations in paragraph 40 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

41. The allegations in paragraph 41 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

42. The allegations in paragraph 42 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

43. The allegations in paragraph 43 of the Complaint, read in conjunction with the allegations of paragraph 34 of the Complaint, are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### V.     Defendants Deny that Mumford Refused to Comply

48. Defendants admit that they received from Weaver the letter attached as Exhibit G to the Complaint. Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49. Denied.

50. Defendants admit that Mr. Mumford spoke to Messrs. Chris and Jason Weaver regarding an effort to resolve their differences. Defendants lack knowledge or information sufficient to form a belief as to whether Weaver legitimately intended that conversation to resolve the dispute without Court intervention or as to what Weaver "initially believed." Defendants admit that paragraph 35 reflects a post by Mr. Mumford. Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51. Denied.

### Defendants Deny Count I (alleged infringement)

52. Defendants incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

53. Defendants lack knowledge or information sufficient to form a belief as to whether Weaver is the sole assignee of and owns all the right, title, and interest in the 190 Patent. Defendants deny the remaining allegations in paragraph 53 of the Complaint.

54. Denied.

55. Denied. Defendants deny that the chart in paragraph 55 fairly compares the SAKA-mini-max to Claim 1 of the patent, denies that the chart properly construes the claims, and denies that it presents any proper legal analysis.

56. Denied.

57. Denied.

58. Denied.

59. Defendants deny that the words attributed to Mr. Mumford in his marketing videos, as alleged in paragraph 59, were intended to or actually have any legal significance. Defendants admit the remaining allegations in paragraph 59 to the extent not inconsistent with the foregoing denial.

60. Defendants admit that one purpose of the SAKA-mini conversion kit is to convert a SAKA-mini into a SAKA-mini-max. Defendants deny that is the only purpose. Defendants admit that the primary use of their SAKA products is for rope climbing, but they lack knowledge or information sufficient to form a belief as to whether the products might be put to other useful functions. Defendants admit that the SAKA Original was the only accused product in the First Lawsuit, but deny that it was an Infringing Product. Defendants lack knowledge or information sufficient to form a belief as to the intended meaning of the Plaintiff's use of the phrase "the equivalent," and therefore deny the remaining allegations contained in paragraph 60. "

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Defendants admit that paragraph 68 partially, but not fully, ██████████ ████████████████████████████████████████ ████████ Any remaining allegations of paragraph 68 are denied.

**Defendants Deny Count II (alleged breach of contract – infringement)**

69. Defendants incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

70. Denied.

71. Denied

72. Denied.

73. Denied.

74. Denied.

**Defendants Deny Count III (alleged breach of contract – disparagement)**

75. Defendants incorporate by reference all responses in all preceding paragraphs as if fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Defendants admit that their SAKA-mini, SAKA-mini-max, and the SAKA conversion kit are distinguishable from Weaver's products. Defendants deny the remaining allegations in paragraph 80 of the Complaint.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## Additional Factual Denials

86. To the extent any of the headings in the Complaint contain factual allegations, they are denied.

87. Any allegations not specifically admitted denied, or otherwise responded to, they are hereby denied.

## ADDITIONAL DEFENSES

Defendants further answer the Complaint by pleading the following additional defenses:

88. The Complaint and the individual causes of action and counts fail to state a claim upon which relief can be granted.

89. As it relates to Count I (alleged patent infringement), if the court's supplemental jurisdiction is lacking, Venue over Weaver's patent infringement claim is improper.

90. Defendants' communications related to any request for assistance in paying legal fees are absolutely privileged.

91. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

SGR/21598742.1

92. The 190 patent is invalid under the prior art, including without limitation, US Patent Number 10,052,521.

93. One or more asserted claims of the 190 patent are invalid because they fail to comply with the requirements of 35 U.S.C. §§ 102, 103 and 112.

94. Injunctive relief is not available to enforce ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because of the doctrine of prior restraint.

## COUNTERCLAIMS

For their counterclaims against Plaintiff Weaver Leather, LLC, Defendants Climbing Innovations, LLC and Richard Mumford allege the following:

95. Jurisdiction and venue is proper with respect to Defendants' counterclaims inasmuch as they are asserted in response to the allegations raised in Weaver's Complaint and they arise out of the same transaction or occurrence that is the subject matter of Weaver's Complaint.

## Counterclaim Count 1

96. Defendants are entitled to recover their reasonable attorneys fees and court costs from Weaver ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

## Counterclaim Count 2

97. This case is exceptional against Defendants under 35 U.S.C. § 285, and therefore, the Court should award Defendants their reasonable attorneys fees in accordance therewith.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Climbing Innovation, LLC and Richard Mumford requests the Court:

A. To enter an order denying Plaintiff's motion for a preliminary injunction;

B. To enter a judgment that Plaintiff takes nothing by its Complaint;

10

SGR/21598742.1

C. To enter a judgment that Plaintiff's Complaint be dismissed with prejudice and that all relief requested by Plaintiff be denied with prejudice;

D. To enter a judgment that Defendants do not infringe any valid claim of the 190 patent;

E. To enter a judgment that this case to be "exceptional" under 35 U.S.C. § 285 and awarding Defendants their reasonable attorneys fees and costs in this action;

F. To enter a judgment that Defendants are entitled to recover their reasonable attorneys fees and costs under Section 6.6 of the Settlement Agreement; and

G. For such other and further relief, in law or equity, as this Court deems just and proper.

## JURY DEMAND

Defendants Climbing Innovations, LLC and Richard Mumford hereby demand a jury trial for all issues so triable.

Respectfully submitted,

Dated: September 20, 2019

                 s/ William F. Long
                 William F. Long
                 SMITH GAMBRELL & RUSSELL LLP
                 1230 Peachtree Street NE
                 Promenade, Suite 3100
                 Atlanta, Georgia 30309
                 tel. 404-815-3500
                 fax 404-685-6859
                 blong@sgrlaw.com
                 Counsel for Climbing Innovations, LLC
                 and Richard Mumford

## CERTIFICATE OF SERVICE

I certify that on September 20, 2019, I served the foregoing document (which is being filed under seal) on all counsel of record by email. I further certify that on September 20, 2019 I served on all counsel of record the redacted version not filed under seal by filing them with the ND Ohio electronic filing system and also by emailing them to all counsel of record.

s/ William F. Long