# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Weaver Leather, LLC | ) | |
|       Plaintiff, | ) | Case No. 5:19cv1990-JRA |
| | ) | Judge John R. Adams |
|   vs. | ) | |
| | ) | |
| Climbing Innovations, LLC and | ) | **EXHIBIT B** |
| Richard Mumford | ) | |
| | ) | |
|       Defendants. | ) | |

**EXHIBIT B:**
**DEFENDANTS' PRELIMINARY RESPONSE TO**
**COMPLAINT ¶¶ 35-43 AND 45 RELATING TO ALLEGED "DISPARAGEMENT"**

Defendants Climbing Innovations, LLC and Mr. Richard Mumford submit this Exhibit B to their memorandum in opposition to plaintiff's motion for a preliminary injunction.  This Exhibit B summarizes Defendants' detailed response to the allegedly disparaging posts that were "cut and pasted" into paragraphs 35-43 and 45 of the Complaint.  Plaintiff's motion merely incorporates these paragraphs into its brief. *See e.g.,* Weaver's Brief at 12.

**Complaint ¶35** contains a long post by Mumford – well over 300 words.  Mumford advises that he received a cease and desist letter from Weaver, and that Weaver was applying "pressure" for Mumford to take the SAKA-mini-max off the market under "threat" of a lawsuit.  There is absolutely nothing disparaging about these comments.  Cease and desist letters long ago became a common, everyday occurrence.  It cannot be reasonably asserted that disclosing the existence of a cease and desist letter "disparages" the company that wrote it.  The post does not disparage the merits of the letter in any way.  Rather, it says that Mr. Weaver does not want to "cave in to the threat" without a fight – i.e., he wants to put up a defense.  And the post is asking for help with legal fees. ████████████████████████

1

[REDACTED]

**Complaint ¶36**:  In this post, Mr. Mumford simply states that if "[I] hope I don't get to that point [i.e., the point of needing to offer 'deals' to entice legal fee contributions] but if I do, I'll match each donation up to $40.00 for purchases of the mini-Max (If I fail, I'll be standing on the freeway off ramp, again, looking for donations)."  There is nothing disparaging in Mr. Mumford's post. [REDACTED]

[REDACTED]

**Complaint ¶37**:  This post by Mr. Mumford, made in furtherance of his "asking for help" post" was made while he "watched hummingbirds fight." He referenced the "overwhelming support" he was receiving from the community in response to his request for legal fees and a possible GoFundMe.  He hoped "both companies can continue their endeavors to innovate."  Nothing in this post was disparaging to Weaver. [REDACTED]

[REDACTED]

**Complaint ¶38**:  Only part of this paragraph reflects a post by Mr. Mumford, and it contains nothing disparaging.  Mr. Mumford mentions the fact that because of the settlement agreement with Weaver, the Original SAKA is no longer available, notwithstanding that he received his own patent.  That simple fact is accurate and does not disparage Weaver.  The post goes on to point out that a new product is for sale and he advises on the cost for shipping to Australia.  This latter statement also does not disparage Weaver.  No part of Mr. Mumford's post

brings into question in any way the ████████████████████████████████

████████████████████████████ ████ █████████████████████████████████

      **Complaint ¶39** contains two posts by a user named "Free Fallin" (not Mr. Mumford).  It also contains a single post by Mr. Mumford.  Mr. Mumford states that "I had a bit of a hurdle [referring to the prior lawsuit] and I never thought I'd be grateful for that, it made me jump higher [i.e., motivated him to design a new product] and I never would have come out with a better product if it wasn't there."  There is nothing disparaging in this post.  The fact that the prior lawsuit prompted Mr. Mumford to design a new product, the SAKA-mini-max and the fact that that Mr. Mumford deems the SAKA-mini-max better than the Original SAKA are not disparaging to Weaver.  The post does not bring into question in any way ████████████

████████████████████████████████████████████████████████████

      **Complaint ¶40**.  This paragraph does not contain any post by Mr. Mumford.  It does contain a post by a user, "Oldoakman" (not Mr. Mumford).  Oldoakman said, "Well played, Richard [referring to Mr. Mumford]".  Although not revealed in paragraph 40 of the Complaint, Oldoakman's post is simply in response to a post by Mr. Mumford that he had developed new products, namely, the SAKA-mini and SAKA mini-Max.  The entirety of the exchange appears on "page 4 of 5" of Weaver's July 23 cease and desist letter, attached to the Complaint as Ex. G.  Mr. Mumford responded to Oldoakman's post with a "thumbs up" click.  Neither Oldoakman's post nor Mr. Mumford's thumbs up are disparaging in any way to Weaver, and neither brings into question ████████████████████████████████████████████

████████████

      **Complaint ¶41** is a post by "Climbstihl" (not Mr. Mumford).  Climbstihl said, "As I already said on Youtube, all the legal bullshit really brought out perfection here.  And at the

same price as the Haas, Stein, and Petzl, this has much more versatility."  Mr. Mumford did not write this post, and thus, it cannot constitute a violation of the Agreement.  However, there is absolutely nothing in this post that is disparaging to Weaver.  Mr. Mumford merely clicked the "thumbs up" in response.  Neither the original post, nor Mr. Mumford's thumbs up response disparaged Weaver ▮▮▮▮▮▮▮▮▮▮

   **Complaint ¶42**.  This paragraph recites several posts by others and one single post by Mr. Mumford.  The first poster ("evo") asked if Mr. Mumford can make the Original SAKA. Another poster ("SomethingWitty") said, "I'm pretty sure that he is legally not allowed to do that right now."  Mr. Mumford responded with "It has nothing to do with 'legally,' it was by signed agreement prior to my patent being issued."  Mr. Mumford's post is not disparaging and does not bring into question in any way the ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮ ▮▮▮▮▮▮▮▮▮

   **Complaint ¶43** contains an exchange virtually identical to the exchange recited in paragraph 40.  The full exchange was withheld from paragraph 40, but can be seen on "page 5 of 5" of Weaver's cease and desist letter (Ex. G to Complaint).  For the same reasons explained in response to paragraph 40, this post is also not disparaging in any way.

   **Complaint ¶45**.  Although Weaver's Brief points to paragraph 45 of the Complaint as showing Mumford's disparagement, in fact paragraph 45 contains absolutely no posts or statements by Mr. Mumford.  The statements in paragraph 45 therefore cannot constitute a breach of the Agreement because, to state the obvious, they were not made by Mr. Mumford. *See, e.g., Waldman v. Pitcher*, 70 N.E.3d 1025, 1032 (Oh. App. 2016) (Whether a letter would constitute a breach of a non-disparagement provision in a settlement agreement was dependent

4

entirely on the content of the letter itself, which "was set with specificity", not the intended recipient's subjective reaction to the letter, which was "irrelevant".)

Respectfully submitted,

Dated:  September 20, 2019          s/ William F. Long
                                    William F. Long
                                    SMITH GAMBRELL & RUSSELL LLP
                                    1230 Peachtree Street NE
                                    Promenade, Suite 3100
                                    Atlanta, Georgia 30309
                                    tel. 404-815-3500
                                    fax 404-685-6859
                                    blong@sgrlaw.com
                                    Counsel for Climbing Innovations, LLC
                                    and Richard Mumford