UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| Weaver Leather, LLC | ) | Case No. 5:19-cv-01990-JRA |
|---|---|---|
| Plaintiff, | ) | Judge John R. Adams |
| vs. | ) | |
| Climbing Innovations, LLC *et al.* | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR PRELIMINARY INJUNCTION**

Weaver Leather, LLC ("Weaver Leather") submits this reply brief in support of its preliminary injunction motion and in response to Defendants', Climbing Innovations, LLC and Richard Mumford, (together, "Mumford"), opposition.

**I.  Mumford's Products Infringe the '190 Patent
and Breach the Settlement Agreement**

The infringement and breach claim against Mumford is ironclad and simple. ▮

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████ ████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████████████████████████

████████████████

Mumford's "new" SAKA mini-MAX is identical to the prohibited original SAKA. The only change in the SAKA-mini-MAX is that the red double-bungee and casing is now

attached by Velcro and a bolt (instead of being sewn in the original SAKA). Not only are different types of fasteners and attachment means considered an ordinary design consideration, but moreover, this invisible change is meaningless as to infringement. This is because the '190 Patent only requires a load bearing member and does not require a specific type of attachment.

As a result, the Settlement Agreement applies both to the original SAKA as the original infringing product and the subject of the first lawsuit as well as any other products that would infringe the '190 Patent. Moreover, Mumford only makes two arguments in defense of patent infringement regarding the load bearing member and free end of the elastic cord. (ECF #18-1, Opp. Ex. A pg. 1.) For reasons outline below, the SAKA-mini-MAX includes both these recitations. Therefore, Weaver Leather is likely to succeed on the merits for both its breach of contract claim as well as its patent infringement claim.

A. **The SAKA-mini-MAX Has a Load Bearing Member**

As shown before the Court, the SAKA-mini-MAX has a load bearing member having a hollow core open at an aperture as claimed in the '190 Patent. Mumford attempts to distinguish the black strap from the red double bungee and casing to argue that only the black strap bears a load.[1] (ECF #18-3, Opp. Ex. C ¶ 21.) Mumford's argument ignores reality as: (1) the black strap and red double bungee and casing form a single component when velcroed and bolted together; and (2) the red double bungee and casing bear a load as evidenced by the extension and contraction of the elastic cord when a user pushes down with his foot.

---

[1] By analogy, Weaver Leather's patent is similar to shoe that has a weight bearing strap to keep the foot in the shoe. Mumford replaced the shoe lace (weight bearing strap), with Velcro and a bolt to keep a user's foot in the shoe and now argues that while the Velcro/bolt works the same as the previous lace, the Velcro/bolt somehow is not "weight bearing." Mumford's admission that two pieces sewn together by lace is weight-bearing (SAKA original), yet two pieces velcroed/bolted together (SAKA mini-MAX) somehow is not weight-bearing is preposterous and baseless.

Therefore, the SAKA-mini-MAX comprises a load bearing member having a hollow core open at an aperture as claimed in the '190 Patent.

B. **The SAKA-mini-MAX Has an Elastic Cord with Fixed and Free Ends**

As shown before the Court, the SAKA-mini-MAX indisputably has an elastic cord with a fixed end and a free end as claimed in the '190 Patent. Mumford agrees that the SAKA-mini-MAX has an elastic cord and a fixed knotted end, but disagrees that its elastic cord has a free end. (Opp. Ex. A pg. 6.) Simple logic and Mumford's own evidence belies this baseless attorney argument.

Like the SAKA original, Mumford's elastic cord in the SAKA-mini-MAX is folded so that it has an unfolded end and a folded end. The unfolded end is tied into a knot and fixed relative to the red double bungee and casing. The folded end is the free end:



(ECF #15, Compl. ¶ 55.) Therefore, Mumford's product has an elastic cord with a fixed end and free end as claimed in the '190 patent.

Indeed, Mumford's own patent admits that the loop created by folding its elastic cord is an "end":

> "The cord may have a first end and a second end. The first end of the cord may be tied with stopper knots 23 or the like. <u>The second end of the cord may form a loop 19 and exit through one length of tubing into another length of tubing.</u>"

(Ex. A, Mumford's U.S. Patent No. 10,052,521, Col. 2, ll. 46-53.) Mumford's attempt to argue that a looped end is not an "end" runs contrary to Mumford's own patent. The looped or folded end is an "end" within the plain language scope of the '190 Patent.

Mumford has not made any other argument as to why the SAKA mini-MAX (or the SAKA mini conversion kit) does not breach the Settlement Agreement or infringe the '190 patent. (Opp. Ex. A pg. 1.) Because Weaver Leather would most likely prevail on the merits on the only two defenses raised by Mumford, the Court should enjoin Mumford from any further manufacture, offer for sale, or sale of the SAKA mini-MAX and the SAKA mini conversion kit.

## II. Mumford Continued Disparagement Violates the Settlement Agreement

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████

Below are examples of at least 30 instances of disparagement by Mumford as indisputably evidenced by the strong, negative public reaction that has undeniably followed and which has tarnished Weaver Leather's business reputation:

1-9. **"I am asking for help..." TreeBuzz Forum Posting by yoyoman:**
http://www.treebuzz.com/forum/threads/i-am-asking-for-help-as-this-appears-to-be-my-last-choice.41197/



This post contains at least 9 disparaging statements against Weaver Leather including, but not limited to: (1) "I find myself at the tip of the spear," (2) "I removed the original SAKA from the market because of pressure from Weaver," (3) "this appears to be my last choice," (4) "this is a fight for innovation," (5) "[a]lthough the [USPTO] subsequently issued me a patent (US 10,052,521 B1) for the original SAKA, I cannot sell or use this device," (6) "[l]et me repeat, I cannot even use my own patented device," (7) "this innovation is at threat of being taken away," (8) "[a]s many of you know, SAKA-mini-MAX is a very different product from the HAAS knee ascender made by Weaver," (9) "I can either cave into the threat and take [SAKA-mini-MAX] off of the market or I can stand up and fight, not only for myself but also for keeping choices for climbers," etc. Compounding the

disparagements, Mumford reposted this TreeBuzz post on at least Instagram and Facebook, which <u>triples</u> the instances of disparagement.

Mumford's disparaging statements are particularly deceitful because he is lying to the arborist community. Far from a "last choice" to "cave into the threat" and take the product off the market or "fight for innovation," Mumford was, in actuality, speaking with Weaver Leather about resolving this dispute at the time of this August 15 post. (Compl. ¶ 77.) To this end, these statements contradict and falsely characterize Mumford's situation and erroneously depict Weaver Leather as a corporate bully acting in bad faith, harassing a small innovator, and going after a product that Mumford incorrectly implies he has a right to make and sell. The truth is that Weaver Leather reached out to Mumford at that very time in good faith—something that Mumford obviously did not tell to the public.

The public response to this post on TreeBuzz, Facebook, and Instagram, as well as to other posts, overwhelmingly reinforces the disparaging nature of Mumford's statements. Mumford's statements fall squarely under the disparagement provision of the Settlement Agreement in decisively causing ███████████████████████████
████████████████████████████████████████████████████████
████████████████

**"I am asking for help…" TreeBuzz Forum Posting by yoyoman:**
http://www.treebuzz.com/forum/threads/i-am-asking-for-help-as-this-appears-to-be-my-last-choice.41197/




**DSMc**
Well-Known Member

Sunday at 4:06 AM    #73

I have a Velox and it works fine and I am happy with it. I am not happy with Weaver being dicks on this issue. Several people have mentioned that a boycott by the arb community would have little effect on Weaver. As a whole, maybe so, but they are doing this only to protect the sales of their knee ascenders. Arborists, by a wide margin are the ones using these. If we don't buy them who will?

Last edited: Sunday at 3:33 PM

 Crimsonking, Tom Dunlap, climbstihl and 4 others


**Birdyman88**
Active Member

Friday at 4:19 AM    #26

Sending Demand Letters Under Bad Faith

Sending multiple patent demand letters to users and small business owners with no intention of filing a lawsuit is considered harmful. That's because those who receive letters sent in this matter may be unfamiliar with patent law and without the resources to defend themselves in court. As a result, they may agree to pay a licensing fee or settlement even when not actually guilty of infringement.

This practice, known as sending demand letters in bad faith, is under attack through multiple legal channels. Legislative proposals currently in Congress require specific information to be included in a demand letter for it to prove willful infringement. They may also require the Federal Trade Commission (FTC) to consider bad faith demand letters a deceptive trade practice.

 Rob Stafari, TimberJack, Eric H-L and 8 others


**Joeybagodonuts**
Member

Friday at 10:08 PM    #48

Wow, what a bunch of complete freaking frauds over at Weaver! Theyre soooo threatened by one man moving the ball forward, that they need to constantly waste large sums of $$ & resources on patent lawyers..?? Is this just a case of someone at Weaver who's sole job is to stiffle all other means of product innovation? & If so, where are all the other examples of cease & desist orders, this industry is completely saturated with products that all look, function & are constructed in the same way.. in most cases identical in construction..

Even though Rich has gone completely out of his way to innovate above & beyond the Velox, i knew as soon as i saw that stiff tether again, Id hear Weaver crying about some bullshit. It's like Weaver thinks it owns all rights to anything regarding bungee cords inside a peice of stiff webbing. Patents aren't meant to be blanket ownership over a general idea & absolutely anything related to it.. You've clearly designed around the patent & have a way better product.. i mean for Christ sake, Weaver couldn't even design the Velox to fit around my damn size 12 boot.. but they want to shut down everything else.. what utter bullshit!

Honestly, This whole thing seems alot more personal than patent related.

 Pelorus, deevo, climbstihl and 2 others


**Crimsonking**
Well-Known Member

Aug 15, 2019    #5

Fight it. This is corporate bullying. They tried to shut you out, but you just got better. Now your new product still outshines theirs and even improves upon yours. They want you to look at their size and give up. They're afraid of you. They're afraid of innovators, because they aren't innovating.

I'm in for the fight.

 Stihl4life, 39Buick, climbstihl and 6 others



**"I am asking for help…" Facebook Posting by Climbing Innovations, LLC:**
https://www.facebook.com/445176049316428/posts/dear-friends-i-am-asking-for-help-as-this-appears-to-be-my-last-choice-although-/656861714814526/



 **Nathan Charlton** Legal issues are solved by money. It's not about who is right. Weaver's lawyers can bury anyone who can't afford a corporate legal team. Justice is expensive.

4w

### "I am asking for help…" Instagram Posting by @mumford.richard.d:
https://www.instahu.net/p/2111241776890380430_3966333798

 **@k2thah**

Never buying Weaver products ever again. Thanks for all you do Richard. Especially thankful for hand signing my receipt when I bought a SAKA mini 6 weeks ago. It shows you appreciate my business, and I appreciate your desire to always grow the industry. Start the GFM and let's take it to these corporate pricks. ✊

 **@taustin8945**

Don't let big Corp step on your toes man, startba go fund me

 **@sentientrees**

Once, but not twice. It's like David and Goliath. Intimidating, but not impossible. (Go fund me, I'll donate)

 **@chris_van_derp**

CI gear = 💧, Weaver = 💩. I stopped using weaver products after the last fiasco. #boycottweaver

 **@mjbowles1**

#boycottweaver

 **@chainsawbar25**

People should stop buying weaver, their products suck, all they should be allowed to make is horse bridals, which is how they got their start. Who let them into the tree industry? How many patents and laws did they violate to get into making tree gear? Id love to know, and hang them😂

 **@tom.greif**

Fight them! @weaverleathercraft can f off!

 **@schmuckblades**

I just don't understand why you can't even USE YOUR OWN PATENTED device. How can this be possible?!?!?!?!?!?!?

 **@salvtec**

This is absolutely shocking, I hope you beat the weaver machine, I also see Buckin billy Ray tonight deleted a heap of guys comments that were supporting you on his latest post supporting weaver leather products, it's now well known he is now part of weaver.#ill never buy weaver again....



Many of these reactions from the public explicitly acknowledge that it is Mumford's statements that have their mind regarding Weaver Leather. For example,

"This is such a shame. I've been a @weaverleather fan for my whole career, even excited about their new falling belt. Excited no more" and "Fight Weaver. Never buying Weaver products again. I am disappointed. I loved Weaver."

10-11. **"SAKA (Self Advancing Knee Ascender)" YouTube Video by Richard Mumford**
https://www.youtube.com/watch?v=kSywHP3fvd4



**"SAKAminiMAX" TreeBuzz Forum Posting by yoyoman:**
http://www.treebuzz.com/forum/threads/sakaminimax.40792/#post-610163



Mumford's statements are misleading and disparaging towards Weaver Leather because they imply that Mumford can sell his own product since he obtained a patent. This statement misstates the law, directly implies that the Settlement Agreement and Weaver Leather are improperly restricting Mumford's rights, and negatively impacts the public perception of Weaver Leather's business condition, integrity, competence, good character, and/or product quality in violation of the Settlement Agreement.

12. **"SAKAminiMAX" TreeBuzz Forum Posting by yoyoman:**
http://www.treebuzz.com/forum/threads/sakaminimax.40792/#post-610163



With his thumbs up hand gesture, Mumford liked this disparaging comment calling out Weaver Leather's prior legal claim and settlement as "legal bullshit." ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ This gesture endorses, adopts, and implies agreement with the content of the original comment, which negatively impacts the public perception of Weaver Leather's business condition, integrity, competence, good character, and/or product quality.

The responses on Mumford's GoFundMe page further emphasize the impact of Mumford's disparaging statements on the public perception of Weaver Leather:

 Craig Corwin donated **$50**

I donated because I can't stand large company heavy handed and overly aggressive legal tactics to stifle creativity. If a company wants to improve upon product concepts or create new and useful products, they can do so. It would likely cost them less money than paying teams of lawyers to serve as their bully.

 Liz Wilson donated **$50**

I use your product and love it, and support innovation from small businesses that advance technology in the trade and offer choice for consumers. I don't support bullies like Weaver.

 Patrick Wisniewski donated **$300**

Don't let Corporations silence innovation.

 Stewart Marshall donated **$25**

I love my SAKA and MiniSAKA. Weaver is abusing their power in trying to stifle Richard's great contributions and this greed and behavior with large businesses is killing innovation in this country. It is wrong and needs to be fought against. Good luck, Richard. Wish I had more to spare.

 DAVE STEVENSON donated **$40**

It is a David vs Goliath fight and I'm rooting for the underdog.

 Lake Gibby donated **$50**

Richard Mumford is a good man and doesn't deserve to be harassed and bullied by Weaver or anyone else!

 **Paul Deaton** donated **$50**

I am a fan of this guys product, & also, think it's BS the way he's being bullied by the bigger companies.

 **John Durant** donated **$100**

I'm very thankful for Richard's contributions to our industry. He needs to keep innovating and not be tied up with legal bullshit.

 **Robert Miller** donated **$10**

#boycottweaver

 **Tanner Bartee** donated **$20**

Weaver is a bully and your product rocks!

 **Carl Lashomb** donated **$100**

The regular, creative guy cannot defend principles of fairness alone against large corporate theft. Please help fight the good fight.

 **Levi Woodal** donated **$100**

I support innovation. I don't support corporate bullying... and also Richard is a cool cat!

Unfortunately, the negative public reaction to Mumford's disparaging statements has overflowed from comments on his posts to direct contact and outreach to Weaver Leather and to divisions outside of Weaver Leather's arborist division, including Weaver Leather's equine and leathercraft Facebook pages:





Additionally, Mumford has demonstrated absolutely no intention of stopping these disparaging statements and, instead, continues to relentlessly stoke the fire. Mumford posted a YouTube video and GoFundMe page within 48 hours of the hearing for preliminary injunction, posted the notice of the hearing to his Instagram page within 24 hours of the hearing, posted a YouTube video at or almost at the exact same time as the hearing started despite failing to be present due to a prior commitment, and has since posted another YouTube video and multiple Instagram posts relating to the GoFundMe and ongoing court dates.

Indeed, Mumford himself went after any posters who questioned his anti-Weaver rationale or defended Weaver Leather based on his August 15 post (Mumford is "Climbing Innovations"):



Mumford's counsel has attempted to argue, in briefing and at the hearing, that Mumford's misrepresentative statements, and the public's horrific reaction towards Weaver Leather based on those false and misleading statements, somehow are not disparagement under the Settlement Agreement. Once again, Mumford's counsel makes this argument without any evidence. While Mumford's counsel cites *Pitcher v. Waldman*, the disparagement provision in that case only stated that "[the Parties] agree not to make or publish any negative or disparaging statements or comments about one another." *Pitcher v. Waldman*, 2016-Ohio-5491, ¶ 2. Here, on the other hand, ████████████ ███████████████████████████ and it is clear that Mumford's statements have directly caused the recipient's negative perception of Weaver Leather.

Weaver Leather has presented overwhelming evidence of Mumford's breach of contract by selling the new SAKA mini-MAX and SAKA mini conversion kit as well as his numerous disparaging statements to help him sell his breaching and infringing products. The reality is that without an injunction, Mumford has no interest in complying with the Settlement Agreement or Federal Law. Therefore, for the foregoing reasons as well as those set forth in Weaver Leather's motion, the Court should enjoin Mumford.

Dated: October 11, 2019

   s/ David B. Cupar
David B. Cupar
Matthew J. Cavanagh
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for Weaver Leather, LLC*