UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Weaver Leather, LLC )<br>)<br>Plaintiff )<br>v. )<br>)<br>Climbing Innovations, LLC, et al. )<br>)<br>Defendants ) | CASE NO.:  5:19-cv-01990-JRA<br><br>JUDGE: JOHN R. ADAMS |

### SPECIAL MASTER'S RULING ON DEFENDANTS' MOTION TO STRIKE EXHIBIT I (VIDEO) UNDER RULE 408 FED.R.EV.

Plaintiff Weaver Leather ("Weaver") submitted to the Special Master a certain Video, offered as evidence for consideration in addressing the issue of infringement of independent claims 1 and 12 of U.S. Patent No. 9,352,190 ("the '190 patent").  Defendants (hereinafter "Mumford") assert that the Video was made and offered to Weaver in conjunction with settlement discussions, "Subject to Rule 408."  As such, Mumford contends that the Video should be stricken and not be considered by the Special Master in addressing the infringement issue.

While the Special Master has reviewed the briefs of the parties on the Motion to Strike, he has done so without having viewed the Video in issue.  Similarly, the Special Master has ruled on the issue of infringement without seeing the Video.

While the parties disagree as to the accuracy and evidentiary value of the Video, the Special Master has been provided with two physical samples of the Accused Product in issue (the SAKA Mini-Max) and has been able to ascertain the method of use of the SAKA Mini-Max consistent with the '190 patent.  Additionally, the claims of the '190 patent are apparatus claims, not method claims.  By simply holding, studying, and manipulating the product samples, the

Special Master was able to assess the Accused Product in view of claims 1 and 12 of the '190 patent.

Moreover, the claim construction of "load bearing member" was readily derived from the patent itself, as it should be, and the load bearing member of the Accused Product was readily discerned from viewing the two samples of the Accused Product.

The product in issue is not complex, its method of use is rather straightforward, and the Special Master did not require the assistance of any extraneous "evidence" in resolving the infringement issue. In short, the Special Master found it unnecessary to go beyond the Accused Product itself and the properly construed patent claims to determine infringement.

For the foregoing reasons, the Special Master finds the Motion to Strike moot, attests that the Video has not been viewed, and asserts that nothing in addition to the properly construed claims, the '190 patent, and the product itself were necessary to come to his conclusion.

Consistent with the foregoing, the Special Master denies the Motion to Strike as moot.

**Dated: May 11, 2020**        Respectfully submitted,

*/s/ Ray L. Weber*
Ray L. Weber (0006497)
RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & Weber CO., LPA
106 South Main Street, Suite 400
Akron, OH 44308-1412
Telephone: (330) 376-1242
Fax: (330) 376-9646
E-mail: rlweber@rennerkenner.com

**Special Master to Judge John R. Adams**