UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Weaver Leather, LLC | ) | |
| | ) | CASE NO.:  5:19-cv-01990-JRA |
| Plaintiff | ) | |
| v. | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| Climbing Innovations, LLC, et al. | ) | |
| | ) | |
| Defendants | ) | |

**SPECIAL MASTER'S RULING ON WHETHER THE PRIOR SETTLEMENT
AGREEMENT BETWEEN THE PARTIES PROHIBITS THE
AFFIRMATIVE DEFENSE OF PATENT INVALIDITY**

In his answer (Doc. 17) Defendant Mumford asserts the following affirmative defenses:

> 92.    The 190 patent is invalid under the prior art, including without
> limitation, US Patent Number 10,052,521.

> 93.    One or more asserted claims of the 190 patent are invalid
> because they fail to comply with the requirements of 35
> U.S.C. §§ 102, 103 and 112.

The issue addressed here is whether Section 3.2 of a certain Settlement Agreement and

Release (Doc. 1-2) between the parties herein prohibits the affirmative defense of patent

invalidity.

Assessment of the issue begins with *Lear, Inc. v. Adkins,* 395 U.S. 653 (1969)**,** where the

U.S. Supreme Court ruled on whether the licensee estoppel doctrine estopped Lear, Inc. from

pleading patent invalidity in the suit. In *Lear,* the Supreme Court declared that the public policy

of clearing invalid patents overrides the equitable considerations favoring the patentee.

However, *Lear* did not involve a no-challenge clause in a settlement agreement, but rather a legal

doctrine.

1

The extent to which that public policy of concern in *Lear* extends to a settlement agreement, as here, begins with the express language of the settlement agreement—as with any contract.  Relevant here, read in its entirety, the agreement between the parties states that:

- It is a settlement agreement.

- It is intended to resolve the prior infringement action. (No answer was ever filed and, as there was no prior dispute concerning invalidity, there clearly would have been no discovery on the issue.)

- Each party had counsel.

- The release language is not mutual—Defendant Mumford did not release Plaintiff Weaver.

- It prohibits Defendant Mumford from ***instituting*** or ***actively participating as an adverse party*** in any legal action to ***invalidate*** or ***limit the scope*** of any Patent claim.

- It prohibits Defendant Mumford from ***instituting*** or ***actively participating as an adverse party*** in any legal action to obtain a ruling that any Patent claim is ***unenforceable.***

- It prohibits Defendant Mumford from ***instituting*** or ***actively participating as an adverse party*** in any legal action to obtain a ruling that any Patent claim is ***not patentable.***

- It prohibits Defendant Mumford from ***instituting*** or ***actively participating as an adverse party*** in any legal action to obtain a ruling that any Product which is a subject of the action does not infringe.

- It prohibits Defendant Mumford from providing material support to any legal action to invalidate or limit the scope of any Patent claim or obtain a ruling that any Patent claim is not owned by Plaintiff Weaver or is unenforceable or not patentable.

Therefore, the issue becomes whether (a) the assertion of an affirmative defense constitutes "active participation as an adverse party in a legal action to invalidate or limit the scope of any Patent claim or obtain a ruling that any Patent claim is not owned by Weaver or is unenforceable or not patentable," as generally proscribed by Section 3.2 of the Settlement Agreement and Release, and (b) is that proscription enforceable?

Federal law applies in determining whether a no-challenge clause is enforceable. *Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357, 1361 (Fed. Cir. 2010) ("the question of whether a settlement agreement bars a party from challenging the validity of a patent in a subsequent action is intertwined with the substance of enforcement of a patent right" which is governed by Federal Circuit precedent); *Flex-Foot, Inc. v. CRP, Inc*., 238 F.3d 1362, 1365 (Fed. Cir. 2001) ("[W]hether public policy precluding patent license estoppel should extend to a waiver of validity challenges in a settlement agreement is intimately related with the substance of enforcement of a patent right. Therefore, we will apply our law to these issues.").

In *Flex-Foot, Inc*., the Federal Circuit enforced a no-challenge clause where the alleged infringer had challenged patent validity, had the opportunity to conduct discovery regarding validity, and had agreed voluntarily to dismiss the suit with prejudice.

The significance of the timing of the parties' negotiations in *Flex-Foot, Inc.* was two-fold:  (1) because the alleged infringer conducted discovery, it had a full opportunity to assess the validity of the patent, and therefore made an informed decision to abandon its challenge to its validity; and (2) conducting discovery and briefing summary judgment on the validity of the patent at issue indicates that the parties had a genuine dispute over the patent's validity and that the patent owner was not seeking to prevent its "monopoly" from being challenged by characterizing an ordinary license agreement as a settlement agreement.

Here, because no answer was filed in the prior litigation, there are no similar circumstances which would justify enforcement of the no-challenge clause.

In *Baseload Energy, Inc.*, the Federal Circuit was faced with a situation where the parties had entered into a settlement agreement containing a no-contest clause following prior litigation between the parties, but the validity of the relevant patent was not at issue during that prior litigation (619 F.3d at 1359–60).

In *Baseload Energy, Inc.*, the Federal Circuit said, "the policies of *Lear* and the interests of settlement must be balanced. As we noted in *Foster [Foster v. Hallco Mfg. Co., Inc.,* 947 F.2d 469 (480 Fed. Cir. 1991)], '[b]arring subsequent challenges favors the public policy of encouraging voluntary settlement; at the same time, a narrow construction of such provisions favors challenges to validity….' *Id.* 480.  Thus, a balance in the policy expressed in *Lear* and the interest in encouraging settlement is achieved.'  The result is that invalidity and unenforceability claims may be released, ***but only if the language of the agreement or consent decree is clear and unambiguous***."  (Emphasis added.)  (619 F.3d at 1361-62).

The Federal Circuit went on to say "while the absence of a prior dispute and litigation as to invalidity is pertinent, we do not think that a settlement agreement is ineffective to release invalidity claims unless the exact circumstances described in *Flex–Foot* are present. Each case must be examined on its own facts in light of the agreement between the parties. In the context of settlement agreements, as with consent decrees, clear and unambiguous language barring the right to challenge patent validity in future infringement actions is sufficient, even if invalidity claims had not been previously at issue and had not been actually litigated."

Here, the exact circumstances in *Flex-Foot, Inc.* are not present, but neither is the language clear and unambiguous as required in *Baseload Energy, Inc.*, so as to waive the affirmative defenses of invalidity and unenforceability.

To be clear and unambiguous as to the nature and extent of waivers such as those at issue here, express consideration should be given to whether:

(1) the wavier extends to initiating actions, whether by civil action or administratively, and if by civil action, by complaint or counterclaim, and

(2) the waiver extends to defensive actions such as affirmative defenses or counterclaims, in that some case law treats counterclaims as having a defensive nature, and

(3) the waiver extends to willful participation and assistance in (1) or (2) above, as advanced by another.

In view of the facts and law presented above, the Special Master finds that the language of the asserted waiver of Section 3.2 of the Settlement Agreement and Release falls far short of being "clear and unambiguous," rendering its proscription with regard to affirmative defenses unenforceable.  The inquiry need go no further.

For the reasons presented above, the affirmative defenses at issue are not barred by Section 3.2 of the Settlement Agreement and Release.

**Dated:  May 11, 2020**            Respectfully submitted,

                                    */s/ Ray L. Weber*
                                    Ray L. Weber  (0006497)
                                    RENNER, KENNER, GREIVE, BOBAK,
                                    TAYLOR & Weber CO., LPA
                                    106 South Main Street, Suite 400
                                    Akron, OH  44308-1412
                                    Telephone: (330) 376-1242
                                    Fax: (330) 376-9646
                                    E-mail: rlweber@rennerkenner.com

                                    ***Special Master to Judge John R. Adams***